IN THE COUNTY COURT OF THE
EIGHTEENTH JUDICIAL CIRCUIT
IN AND FOR SEMINOLE COUNTY,
FLORIDA

CASE NO.:

Yuvonnia Bowe,

    Plaintiff,

v.

HHJJ, LLC
d/b/a IHOP 36-216 Sanford,

    Defendant.
_____/

## COMPLAINT

COMES NOW the Plaintiff, Yuvonnia Bowe, individually, by and through the undersigned attorney and sues the Defendant HHJJ, LLC d/b/a IHOP 36-216 Sanford (hereinafter sometimes referred to as "IHOP"), and alleges as follows:

### The Parties

1. Plaintiff resides in Sanford, Florida. Plaintiff worked at the Defendant corporation as a server from approximately May 29, 2015 to March 10, 2016.

2. At all times relevant to this action, Plaintiff has been a tipped employee engaged in commerce or the production of goods for commerce on behalf of the Defendant.

3. Plaintiff is a covered employee within the meaning of the Florida Minimum Wage Act ("FMWA") through its incorporation of the Fair Labor Standards Act ("FLSA") into Florida law.

4. Upon information and belief, at all material times hereto, Defendant, HHJJ, LLC, was a corporation duly licensed to transact business in the State of Florida. Defendant does



business, has offices, and/or maintained agents for the transaction of its customary business in Seminole County, Florida.

5. Defendant is an "enterprise engaged in interstate commerce" within the meaning of the FLSA. Defendant has (1) employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and (2) an annual gross sales in excess of $500,000.

### Jurisdiction and Venue

6. This Court has subject matter jurisdiction pursuant to Fla. Stat. § 448.110. This is an action for violation of the FMWA with damages in excess of five thousand dollars ($5,000.00), exclusive of interests, costs, and attorney's fees.

7. Venue is proper in Seminole County pursuant to Fla. Stat. § 47.051 because acts giving rise to the claims of the Plaintiff occurred within this judicial district, and Defendant regularly conducts business in and has engaged in the wrongful conduct alleged herein, and thus are subject to personal jurisdiction in this judicial district.

### Nature of the Action

8. Defendant is HHJJ, LLC d/b/a IHOP 36-216 Sanford, owner and operator of a restaurant located in Sanford, Florida.

9. Plaintiff was employed as a Server by the Defendant, a "Tipped Employee" as defined by the FWMA, from approximately May 29, 2015 through approximately March 10, 2016.

10. Fla. Const. Art. X, § 24(c) states, "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA, Employers may credit towards satisfaction of the

Minimum Wage tips up to the amount of the allowable FLSA tip credit..."

11. Section 3(m) of the FLSA permits an employer to take a "tip credit" toward its minimum wage obligation for Tipped Employees equal to the difference between the tipped minimum wage and the applicable state minimum wage. For instance, in 2016 the Florida State Minimum Wage is $8.05, the statutorily permitted tip credit is $3.02, and the tipped minimum wage is $5.03.

12. The Defendant willfully and improperly applied a tip credit to every hour that the Plaintiff worked, even when Plaintiff was clearly engaged in non-tipped tasks exceeding twenty percent 20%, and when Plaintiff was required to perform non-server duties.

13. Defendant improperly utilized the tip credit and unjustly benefitted by saving the tip credit amount for each hour Plaintiff worked. With this great savings comes great responsibility. Plaintiff was not able to obtain tips or perform tip-generating work while being paid at the reduced tip credit rate, causing the Defendant to benefit at the detriment of Plaintiff.

14. In addition to tipped work, Plaintiff was required by Defendant to perform non-tipped work for which Plaintiff was paid at the reduced tip credit rate. Examples of such non-tipped generating labor which the plaintiff performed include:

- a. Bar set up assignments: Stocking and icing milk and cream; stocking coffee, tea, and bottled drinks; brewing coffee and tea; stocking glasses, straws, napkins, coffee cups and saucers;
- b. Cleaning and preparing the to-go station: Stocking the to-go area with to-go containers, napkins, cups, lids, plastic silverware and to-go bags; folding the to-go plastic silverware with napkins, salt and pepper packets, and tying the bundle with rubber bands;

  c. Table set up, break down, and cleaning projects: Cleaning and wiping the wait station; cleaning and wiping table tops; cleaning and wiping chairs and booths; cleaning and wiping menus; aligning and straightening chairs; taking down and putting up chairs; Setting tables with silverware, plates, glassware, napkins, and condiment caddies; stocking sugar and sweeteners; refilling salt and pepper; cleaning condiment holders; rolling silverware; polishing silverware; organizing, and moving silverware to the front of the house;

  d. Food preparation and kitchen related obligations: Refilling and restocking dressings and sauces;

  e. Maintenance and janitorial undertakings: Performing general cleaning; stocking printer paper, when back-up rolls were needed; checking entry and wait area floors, and cleaning if necessary;

  f. Undesignated skeleton crew duties to maintain restaurant performance;

15. The non-tipped work for which Plaintiff was paid at a reduced rate exceeded twenty percent (20%) of Plaintiff's time at work.

16. As a result, Plaintiff is entitled to at least the applicable minimum wage for each hour worked where Defendant improperly applied the tip credit, rather than paying Plaintiff regular minimum wage.

17. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying the wages owed to Plaintiff.

18. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

19. Plaintiff's wages were dependent on how Plaintiff was classified as an employee,

in this specific instance a "server", rather than the tasks performed at the direction of the Defendant.

20. On June 11, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

## COUNT I: FLORIDA MINIMUM WAGE ACT – UNPAID WAGES

21. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

22. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act, Fla. Stat. § 448.110.

23. At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act.

24. Plaintiff brings this action as a former hourly employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant paid Plaintiff at a rate less than the applicable minimum wage.

25. Pursuant to Fla. Stat. § 448.110 and Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

26. In both policy and practice, the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working. This occurred before, during, and after scheduled shifts. As such, full minimum wage

for such time is owed.

27. As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated Fla. Stat. § 448.110.

28. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Stat. § 448.110.

29. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

30. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

31. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

32. On June 11, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

33. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant, compensation for unpaid wages, an additional equal amount as liquidated damages, prejudgment interest, and reasonable attorney's fees and costs of this action under Fla. Stat. § 448.08, § 448.104 and § 448.110.

## COUNT II: DUAL OCCUPATION

34. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

35. Defendant required that plaintiff perform certain dishwasher duties, including but not limited to polishing silverware; organizing and moving silverware to the front of the house; and stocking supplies such as glasses, coffee cups and dishes. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

36. Defendant required that plaintiff perform certain janitorial duties, including but not limited to aligning, straightening, taking down and putting up chairs; cleaning and wiping tables, chairs and booths; cleaning entryways, waiting areas and performing other general cleaning. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

37. Defendant required that Plaintiff perform certain hostess duties, including but not limited to seating customers at server stations and performing other host duties. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

38. Defendant required that Plaintiff perform certain server assistant duties, including but not limited to running food for other servers; stocking sugar and sweeteners; stocking the to-go area; stocking milk and cream; stocking beverages; stocking glasses, straws, and napkins; refilling salt and pepper; refilling and restocking dressings and sauces; and assisting other servers with their work. These duties were not related to tipped duties. These tasks were performed while Plaintiff was paid the Florida minimum wage for Tipped Employees, rather than the proper Florida minimum wage.

39. Plaintiff performed these duties well in excess of twenty percent. These dual

occupational tasks were not 'occasional', but were often in occurrence. These dual occupational tasks were regularly not related to tip related duties.

40. The "dual occupational" tasks listed in paragraphs supra are not customarily and/or traditionally incidental, and are otherwise unrelated to, the job of a server or other tipped profession.

41. Section 448.110(3) of the Florida Minimum Wage Act incorporate the FLSA provisions regarding the regulation of minimum wage exemptions with regard to an employer "tip credit".

42. Fla. Const. art. X, § 24(c) allows an Employer to apply a tip credit to the State-mandated minimum wage "for tipped Employees meeting eligibility requirements for the tip credit under the FLSA".

43. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act.

44. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage equal to or greater than minimum wage for time spent performing "dual occupational" tasks.

45. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

46. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

47. On June 11, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla.

Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

48. Plaintiff is therefore entitled to compensation for the difference between wages paid and Florida's minimum wage at an hourly rate, to be proven at trial, plus an additional amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

## COUNT III: FLORIDA MINIMUM WAGE ACT – IMPROPER TIP POOL UNDER TIP CREDIT

49. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

50. At all relevant times, Defendant has been and continues to be an employer engaged in commerce, within the meaning of the Florida Minimum Wage Act and the Fair Labor Standards Act, 29 U.S.C. §§ 206(a) and 207(a).

51. At all relevant times, Defendant employed Plaintiff within the meaning of the Florida Minimum Wage Act and Fair Labor Standards Act.

52. Plaintiff brings this action as a former Hourly Employee of the Defendant who willfully refused to pay a wage during Plaintiff's employment.

53. For time spent during Plaintiff's employment, Defendant took a "tip credit" from Plaintiff's wages. Thus, Defendant's paid Plaintiff at a rate less than the applicable minimum wage.

54. Pursuant to Fla. Stat. § 448.110 and Fla. Const. art. X. § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

55. For each shift during which Plaintiff worked, Plaintiff was required to surrender between five dollars ($5.00) and ten dollars ($10.00) each shift to the improper tip pool.

56. The five dollars ($5.00) to ten dollars ($10.00) each shift of tips required of the Plaintiff was kept by the Defendant, and was not distributed to other employees who customarily and regularly receive tips, in violation of the FLSA and 29 U.S.C. § 203(m).

57. Defendant's conduct constitutes a willful violation of the FMWA.

58. Defendant has and continues to willfully violate the FMWA by requiring Plaintiff to surrender between five dollars ($5.00) and ten dollars ($10.00) each shift of her tips to a manager, who is not a valid tipped employee. Managers have minimal contact with guests and typically receive a salary or hourly wage well above the Florida Minimum Wage.

59. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

60. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

61. 29 U.S.C. § 203(m) provides that an employer who engages in improper "tip pooling" forfeits their ability to apply a tip credit to wages paid.

62. Defendant willfully violated the guidelines for proper tip pooling.

63. Plaintiff is entitled to the return of all monies contributed to the improper tip pool and to the return of the tip credit imposed by Defendant for each hour where Plaintiff was required to contribute money to an improper tip pool.

64. On June 11, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

65. Plaintiff is entitled to be paid the difference between wages paid and Florida's minimum wage; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action.

### COUNT IV: FAIR LABOR STANDARDS ACT – OVERTIME

66. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

67. At all relevant times, Defendant has been and continues to be an employer engaged in interstate commerce, within the meaning of the FLSA.

68. At all relevant times, Plaintiff was employed by the Defendant within the meaning of the FLSA.

69. Defendant engaged in the regular practice of altering Plaintiff's time records so that wages were not paid for work performed after Plaintiff's scheduled shift hours. For shifts where Plaintiff stayed after her scheduled shift hours, and provided labor for Defendant after the scheduled shift hours, Defendant would manipulate the time records to reduce the hours. Thus, the Defendant did not pay the Plaintiff properly for approximately ten (10) hours of overtime each week.

70. During some wage periods where Plaintiff was not fully compensated for all hours worked, Plaintiff's total weekly hours worked exceeded forty (40).

71. As a result of Defendant willful failure to compensate the Plaintiff the applicable overtime wage for all hours worked in excess of forty (40) per week, Defendant has violated FLSA, 29 U.S.C. § 207.

72. Defendant has and continues to willfully violate the FLSA by not paying the Plaintiff the proper overtime wages owed for the additional ten (10) hours spent each week

working due to Defendant's manipulation of the time records to reduce Plaintiff's hours.

73. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

74. Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

75. On June 11, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a), satisfying the Florida Minimum Wage Act pre-suit notification requirement.

76 Due to Defendant's violations, Plaintiff is entitled to recover compensation for unpaid overtime wages; an additional equal amount as liquidated damages; and reasonable attorneys' fees, costs and disbursements of this action.

## COUNT V: FLORIDA CONSTITUTION – UNPAID WAGE VIOLATIONS

77. Plaintiff incorporates the allegations contained in paragraphs 1 through 20 as though fully set forth herein.

78. Pursuant to Fla. Const. art. X, § 24(c), a tip credit exemption from Florida's minimum wage requirements may only be taken when the Employer would otherwise be eligible to do so under the FLSA.

79. As per Fla. Const. art. X, § 24(c), the Defendant regularly and consistently required the Plaintiff to perform non-tipped labor in excess of twenty percent (20%) of Plaintiff's time spent working. This occurred before, during and after scheduled shifts. As such, full minimum wage for such time is owed.

80. Additionally, Plaintiff was required to remain in the restaurant while working off the clock for an average of two (2) hours per shift to complete non-server side work duties. Plaintiff was also required to clock out, or was clocked out by a manager without her knowledge, once her hours worked approached forty hours for the week. Plaintiff was instructed by her managers to clock out when nearing a certain amount of hours, or was clocked out by a manager.

81. As a result of Defendant's willful failure to compensate the Plaintiff the applicable state minimum wage for all hours worked, Defendant has violated Fla. Const. art. X, § 24(c).

82. Defendant's conduct constitutes a willful violation of the Florida Minimum Wage Act within the meaning of Fla. Const. art. X, § 24(c).

83. Defendant has and continues to willfully violate the Florida Minimum Wage Act by not paying Plaintiff a wage for time spent working.

84. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

85 Plaintiff's wages were dependent on how Plaintiff was classified as an employee, not on the job(s) performed at the direction of the Defendant.

86. On June 11, 2016, Defendant was provided by certified mail written notice identifying the applicable minimum wage sought, the estimated work dates for which payment is sought, and the total amount of unpaid wages being sought by Plaintiff as required by Fla. Stat. §448.11(6)(a) and Fla. Const. art. X, § 24(c), satisfying the Florida Minimum Wage Act presuit notification requirement.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully requests that this Court enter judgment in favor of

Plaintiff and against the Defendants, jointly and severally, for the following relief:

a. Declaring that Defendants have violated the minimum wage provisions of the FMWA and FLSA;

b. Declaring that Defendants have violated the minimum wage provisions of Fla. Const. art. X, § 24;

c. Declaring that Defendants' violation of the FMWA, FLSA, and Fla. Const. art. X, § 24 were willful;

d. Awarding Plaintiff liquidated damages as a result of Defendants' violation of the FMWA, FLSA, and Fla. Const. art. X, § 24;

e. Awarding the Plaintiff damages for all unpaid wages;

f. Awarding the Plaintiff pre-judgment and post-judgment interest under the FMWA, FLSA and Fla. Const. art. X, § 24;

g. Award Plaintiff all monies contributed to the improper tip-pool;

h. Award Plaintiff all monies uncompensated for overtime wages;

i. Awarding the Plaintiff reasonable attorneys' fees, costs, and disbursements pursuant to the FMWA, FLSA and Fla. Const. art. X, § 24; and

j. Where Defendant, an employer, does not have records and fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of overcoming such testimony shifts to the employer.

k. Awarding such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Dated September 27, 2016

                                              */s/ Kevin Vorhis*
Kevin Vorhis, Esquire
Florida Bar number: 0118482
Cohen Grossman, Attorneys at Law
350 North Lake Destiny Road
Maitland, Florida 32751
Telephone: (407) 478-4878
Facsimile: (407) 478-0204
Primary: kvorhis@itsaboutjustice.LAW
Secondary: tiina@itsaboutjustice.LAW
Counsel for Plaintiff