UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

YUVONNIA BOWE,

    Plaintiff,                                Case No.:  6:16-cv-01844-RBD-KRS

v.

HHJJ, LLC,
d/b/a IHOP 36-216 Sanford,

    Defendant.

_____/

## DEFENDANT'S MOTION TO DISMISS AND INCORPORATED MEMORANDUM OF LAW

Defendant, HHJJ, LLC, d/b/a IHOP 36-216 Sanford, by and through its undersigned counsel, pursuant to Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, hereby moves this Court to dismiss Counts I, II, and V of the *Complaint* filed by Plaintiff, YUVONNIA BOWE, with prejudice for failure to state a claim upon which relief can be granted, and in support thereof, states as follows:

## OVERVIEW

Plaintiff, a former server at Defendant's IHOP franchise restaurant, filed her Complaint against Defendant alleging various wage and hour violations under the Fair Labor Standards Act ("FLSA"), Florida Minimum Wage Act ("FMWA"), and Florida Constitution. Counts I, II, and V of Plaintiff's Complaint allege that Defendant required Plaintiff to perform certain non-tipped work, which purportedly exceeded twenty percent (20%) of Plaintiff's working time each week, for which Defendant improperly utilized the statutory tip

credit pursuant to the FLSA. Relying not on an existing law or promulgated regulation, but instead on internal commentary from the U.S. Department of Labor ("DOL") to its Wage and Hour Department field officers contained in the DOL's Field Operations Handbook, Plaintiff contends that such non-tipped work exceeding twenty percent (20%) of her working time entitles Plaintiff to at least the applicable minimum wage for each hour worked where Defendant purportedly improperly applied the tip credit rather than paying Plaintiff the applicable minimum wage.

However, as discussed below, Plaintiff's reliance on the so-called "20% rule" is without merit because the existing regulation regarding "dual jobs" employees is clear such that this Court does not need to consider or give deference to the informal commentary of the 20% rule, especially when the 20% rule improperly adds requirements to the applicable "dual jobs" regulation and has been inconsistently applied by the DOL. Rather, the applicable "dual jobs" regulation is clear on its face that an employer can utilize the tip credit under the FLSA with respect to a properly-classified tipped employee, so long as the employee is not performing two *entirely distinct, non-overlapping jobs*.

Here, Plaintiff was properly classified as a tipped employee such that the FLSA allowed Defendant to utilize the tip credit for wages paid to Plaintiff as a server on a workweek basis. Therefore, even if Plaintiff spent in excess of twenty percent (20%) of her time during the workweek performing non-tipped work (commonly referred to in the restaurant industry as "sidework"), Plaintiff is not entitled to any additional wages for such

time.[1]

The conclusion that Plaintiff, as a tipped employee, is not entitled to additional wages if her sidework exceeds twenty percent (20%) of her working time each week is supported by a 2008 opinion of the United States Court of Appeals for the Eleventh Circuit that affirmed a decision of the United States District Court for the Southern District of Florida, based on the lower court's "well-reasoned order" which, among other things, dismissed the applicability of the 20% rule.

Accordingly, because Counts I, II, and V of Plaintiff's Complaint rely upon the 20% rule, this Court should dismiss such Counts with prejudice for failure to state a claim upon which relief can be granted.

## STATEMENT OF RELEVANT FACTS

Defendant is the owner and operator of an IHOP franchise restaurant located in Sanford, Florida. (Compl. ¶ 8). On or about May 29, 2015, Defendant hired Plaintiff, who eventually[2] worked as a server at the restaurant. (Compl. ¶ 9). During her time as a server, Defendant customarily and regularly received tips. (*See id.*). Consequently, Defendant applied a tip credit in the amount of $3.02 per hour against the applicable minimum wage owed to Plaintiff pursuant to Section 3(m) of the FLSA and Florida law. (*See* Compl. ¶ 11).

---

[1] Defendant denies that Plaintiff spent in excess of twenty percent (20%) of her time during the workweek performing non-tipped work, but for purposes of this Motion to Dismiss, assumes all well-plead factual allegations are true.

[2] Plaintiff's Complaint fails to acknowledge that during the first few months of Plaintiff's employment, Plaintiff worked as a "Host Cashier" and as a "Server Trainer," during which she was paid the applicable minimum wage for non-tipped employees, as reflected by payroll records that Defendant produced to Plaintiff prior to Plaintiff's filing of this lawsuit. That factual issue, which may or may not be in dispute, is irrelevant for purposes of this Motion to Dismiss.

On or about March 10, 2016, Defendant terminated Plaintiff's employment (*See* Compl. ¶ 9) as a result of several documented guest complaints regarding Plaintiff.

Plaintiff alleges in Counts I and V of her Complaint that notwithstanding the fact that she was a tipped employee under the FLSA and FMWA, Defendant required her to engage in non-tipped labor *related to* her tipped occupation in excess of twenty percent (20%) of her working time, in violation of the FMWA and Florida Constitution.  (Compl. ¶ 12).   Such purported non-tipped work included:

(a) Bar set up assignments:  Stocking and icing milk and cream; stocking coffee, tea, and bottled drinks; brewing coffee and tea; stocking glasses, straws, napkins, coffee cups and saucers;

(b) Cleaning and preparing the to-go station:  Stocking the to-go area with to-go containers, napkins, cups, lids, plastic silverware and to-go bags; folding the to-go plastic silverware with napkins, salt and pepper packets, and tying the bundle with rubber bands;

(c) Table set up, break down, and cleaning projects: Cleaning and wiping the wait station; cleaning and wiping table tops; cleaning and wiping chairs and booths; cleaning and wiping menus; aligning and straightening chairs; taking down and putting up chairs; [s]etting tables with silverware, plates, glassware, napkins, and condiment caddies; stocking sugar and sweeteners; refilling salt and pepper; cleaning condiment holders; rolling silverware; polishing silverware; organizing and moving silverware to the front of the house;

(d) Food preparing and kitchen related obligations:  Refilling and restocking dressings and sauces;

(e) Maintenance and janitorial undertakings:  Performing general cleaning; stocking printer paper, when back-up rolls were needed; checking entry and wait area floors, and cleaning if necessary; and

(f) Undesignated skeleton cred duties to maintain restaurant performance[.]

(Compl. ¶ 14).

In Count II of her Complaint, Plaintiff alleges that notwithstanding the fact that she was a tipped employee under the FLSA and FMWA, Defendant required her to engage in non-tipped labor that was *unrelated to* her tipped occupation in excess of twenty percent (20%) of her working time, in violation of the FMWA. (Compl. ¶ 39). Such purported non-tipped work included certain dishwasher duties, janitorial duties, hostess duties, and server assistant duties. (Compl. ¶¶ 35-38).

As a result, Plaintiff claims in Counts I, II, and V of her Complaint that Defendant violated the minimum wage provisions of the FMWA and the Florida Constitution (which provisions in turn rely upon the application of Section 3(m) of the FLSA[3]) such that Plaintiff is owed back wages in the amount of the applicable minimum wage for each hour worked where Defendant allegedly improperly applied the tip credit, as well as related statutory damages.

However, as discussed below, Counts I, II, and V of the Complaint, which appear to rely upon the 20% rule, are without legal merit and must fail.

## MEMORANDUM OF LAW

### I.     The Standard of Review

In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89, 94 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153

---

[3] Paragraphs 10 and 11 of Plaintiff's Complaint state that Article X, Section 24(c) of the Florida Constitution (which granted the authority for the passage of the FMWA), provides that employers may take advantage of a tip credit for tipped employees to the same extent as is permitted under the FLSA.

(11th Cir. 2011) (citations omitted). The motion is granted only when the movant demonstrates "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Flint v. ABB, Inc., 337 F.3d 1326, 1328-29 (11th Cir. 2003).

**II.     This Court Should Dismiss Counts I, II, and V of Plaintiff's Complaint Because such Counts Impermissibly Rely upon the 20% Rule**

Counts I, II, and V of Plaintiff's Complaint fail to actually cite to any statutory or regulatory provision mandating that an employer may not utilize the FLSA's tip credit when a tipped employee spends in excess of twenty percent (20%) of their working time performing non-tipped duties. Plaintiff appears to rely in part upon the DOL regulation regarding "dual job" employees, which is codified as 29 C.F.R. § 531.56(e) (the "Dual Jobs Regulation"). However the Dual Jobs Regulation does not contain any discussion regarding the 20% rule. Rather, the 20% rule emanates from internal commentary regarding the Dual Jobs Regulation contained in the DOL's Field Operations Handbook as subregulation § 30d00(e) (the "Sub-Regulation"), which states that an employee becomes a "dual jobs employee" when a substantial part of the employee's duties, arbitrarily deemed to be twenty percent (20%), is performed as non-tipped duties.

However, for the reasons discussed below, Counts I, II, and V of Plaintiff's Complaint fail to state minimum wage claims under the FLSA, FMWA, and Florida Constitution because the 20% rule is invalid.

A.     The FLSA and the Tip Credit in General.

Under the FLSA, an employer must pay the federal minimum wage to an employee "who in any workweek is engaged in commerce or in the production of goods for commerce,

6

or is employed in an enterprise engaged in commerce or in the production of goods for commerce," according to the statutory schedule of the minimum hourly wage. 29 U.S.C. § 206(a).

The tip credit provision of the FLSA, § 203(m), allows employers to pay tipped employees $2.13 per hour[4] if the employees' tips suffice to fulfill his or her minimum wage for the workweek. 29 U.S.C. § 203(m). Specifically, § 203(m) states:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to--
>
> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on the date of the enactment of this paragraph [enacted August 20, 1996] [i.e., $2.13 per hour]; and
>
> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 6(a)(1).

29 U.S.C. § 203(m).

Pursuant to 29 C.F.R. § 531.56(d), which interprets the FLSA's tip credit provision, "[m]ore than $30 a month in tips customarily and regularly received by the employee is a minimum standard that must be met before any wage credit for tips is determined under [29 U.S.C. § 203(m)]." An employee may not, however, receive less than the minimum wage per workweek.

---

[4] Under Florida law, the tip credit taken by an employer can be no more than $3.02 per hour, which was the tip credit utilized by Defendant with respect to Plaintiff's former employment with Defendant as a server.

B.  <u>As an Initial Matter, the Federal District Courts Located in Florida are Split as to the Applicability of the 20% Rule</u>.

As noted by this Court in December 2014, "[n]o binding precedent dictates whether this Court would ultimately apply the 20% rule . . ." <u>May v. Steak N Shake Operations Inc.</u>, Case No. 3:14-cv-912-J-32JRK, 2014 U.S. Dist. LEXIS 174855, at *5 (M.D. Fla. Dec. 18, 2014). The Court in <u>May</u> acknowledged that the lone federal appellate court to directly consider the issue has applied the 20% rule. See <u>Fast v. Applebee's Int'l, Inc.</u>, 638 F.3d 872, 881 (8th Cir. 2011). Similarly, at least one other division of this Court has applied the 20% rule, including this Court's Tampa Division. See <u>Crate v. Q's Rest. Group LLC</u>, Case No. 8:13-cv-2549-T-24-EAJ, U.S. Dist. LEXIS 61360 (M.D. Fla. May 2, 2014).

However, the opinion of this Court's Jacksonville Division in <u>May</u>, which was issued after the Tampa Division's decision in <u>Crate</u>, also noted that the United States District Court for the Southern District of Florida strongly disagreed with the application of the 20% rule. See <u>Pellon v. Bus. Representation Int'l, Inc.</u>, 528 F. Supp. 2d 1306, 1313-14 (S.D. Fla 2007). Indeed, in <u>Pellon</u>, the Court disagreed with the lower court's ruling in <u>Fast</u> (which the Eighth Circuit affirmed, *supra*) that the 20% rule applies to tipped employees, stating:

> [A] determination whether 20% (or any other amount) of a [tipped employee's] time is spent on non-tipped duties is infeasible. In fact, several of the plaintiffs themselves have admitted that dividing their workday among the various tasks they perform is impractical or impossible. Permitting Plaintiffs to scrutinize every day minute by minute, attempt to differentiate what qualifies as tipped activity and what does not, and adjust their wage accordingly would create an exception that would threaten to swallow every rule governing (and allowing) for tip credit for employers. First of all, ruling in that manner would present a discovery nightmare. *Of greater concern is the fact that under the reasoning proffered by Plaintiffs, nearly every person employed in a tipped occupation could claim a cause of action against his employer if the employer did not keep the employee under*

8

> *perpetual surveillance or require them to maintain precise time logs accounting for every minute of their shifts.*

Id.  While the Pellon court ultimately did not have to reach a decision based on the 20% rule, the Eleventh Circuit affirmed the decision "on the basis of the district court's well-reasoned order." 291 F. App'x 310, 311 (11th Cir. 2008).

Consequently, and as discussed above, this Court's Jacksonville Division noted in May that "[n]o binding precedent dictates whether this Court would ultimately apply the 20% rule to this case."  May, 2014 U.S. Dist. LEXIS 174855, at *5-6.[5]  Defendant has not identified any opinion emanating from this Court's Orlando Division which discusses the applicability of the 20% rule.  Therefore, Defendant will brief the legal argument against the application of the 20% rule in the remainder of this Motion.

C. The 20% Rule Does Not Apply to Plaintiff's Minimum Wage Claims.

Plaintiff claims that she spent more than 20% of her time performing non-tipped work, including the "sidework" described above.  Consequently, Plaintiff contends, presumably based on the Sub-Regulation contained in the Field Operations Handbook, that Defendant was not entitled to apply the tip credit with respect to that work such that Plaintiff is entitled to the full applicable minimum wage for working the purported dual jobs. However, Plaintiff's apparent reliance on the Field Operations Handbook with respect to the 20% rule is without merit.  Rather, because Plaintiff was a tipped employee working in one occupation as a server, Defendant was entitled to utilize the tip credit against all wages due to

---

[5] Ultimately, the Jacksonville Division in May reached its decision without ruling on the applicability of the 20% rule.  May, 2014 U.S. Dist. LEXIS 174855, at *6.

9

Plaintiff as a server, including for all time in which Plaintiff was performing sidework, whether or not such sidework represented more than 20% of Plaintiff's working time.

(i) <u>Because the Dual Jobs Regulation is Not Ambiguous, this Court Need Not Consider the DOL's Informal Commentary in its Field Operations Handbook.</u>

The applicable "Dual Jobs" Regulation provides, in pertinent part, that:

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $ 30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. . . . Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

29 C.F.R. § 531.56(e). The Dual Jobs Regulation specifically contemplates that servers perform incidental duties in addition to their regular duties as a server, but that such incidental duties do not convert the employee to a "dual jobs" employee. See <u>id.</u>; see also <u>Pellon</u>, 528 F. Supp. 2d at 1313 (stating that, under the Dual Jobs Regulation, "[t]he [tipped] duties that Plaintiffs have performed in this case are not those of another occupation, even if there is some overlap among tasks between different occupations. They are, at worst, 'related duties in an occupation that is a tipped occupation' and they 'need not by themselves be directed toward producing tips.'"); <u>Townsend v. BG-Meridian, Inc.</u>, No. CIV-04-1162-F, 2005 U.S. Dist. LEXIS 45200, at *6-7 (W.D. Okla. 2005) (the plaintiff waitress performed duties of cashiers and phone order receptionists but still did not qualify for their non-tipped wage because such duties were "merely related duties incident to her waitress position.").

Consequently, the Dual Jobs Regulation clearly provides that an employer is entitled to utilize the tip credit for tipped employees who are not performing two distinct occupations. See 29 U.S.C. § 203(m); 29 C.F.R. § 531.56. Indeed, as emphasized in a 2015 opinion by the United States District Court for the District of Arizona, which disagreed with the Eighth Circuit's decision in Fast, a server who performs incidental non-tipped work does not transform the server into a dual jobs employee, stating:

> The dual jobs regulatory framework identifies an employee performing two or more *entirely distinct, non-overlapping jobs*. Plaintiffs were not assigned two identifiable, separate occupations. Plaintiffs [were] engaged in one occupation, server. Section 531.56(e) specifically allows a server to engage in incidental related duties. Thus, the server occupation inherently includes side work. The regulation does not identify this "duties" dichotomy or cap incidental duties at 20%. Based on the regulation, the Court need not identify the duties that Plaintiffs performed in their server occupation and then classify some as related tipped duties and some as non-related non-tipped duties, and then implement a different occupational standard for the non-tipped duties as compared with their tipped occupation server duties.

Montijo v. Romulus Inc., No. CV-14-264-PHX-SMM, 2015 U.S. Dist. LEXIS 41848, at *27-28 (D. Ariz. March 30, 2015) (emphasis added).

With respect to the 20% rule contained in the Sub-Regulation, courts may defer to agencies' interpretations of their own regulations unless the interpretation is plainly erroneous or inconsistent with the regulation. Auer v. Robbins, 519 U.S. 452 (1997). However, Auer deference is warranted *only* when the language of the regulation is ambiguous. Christensen v. Harris County, 529 U.S. 576, 588 (2000) (emphasis added). Here, though, the Dual Jobs Regulation is not ambiguous but instead clearly provides that an employer is entitled to utilize the tip credit for tipped employees engaged in one occupation. This Court is well equipped to make a decision as to whether or not, under the Dual Jobs

11

Regulation, Plaintiff was performing two identifiable, distinct occupations without the necessity of resorting to the DOL's informal commentary with respect to the 20% rule, particularly when that commentary adds additional requirements to the Dual Jobs Regulation, rather than simply interpreting the existing Dual Jobs Regulation, as discussed below.

Of course, in this case, it is clear from the face of the Complaint that Plaintiff was not performing two entirely distinct, non-overlapping jobs. Indeed, the purported sidework described in Paragraph 14 of Plaintiff's Complaint is plainly incidental to Plaintiff's work as a server. Of course, much of that sidework, while not directly tip-producing, undoubtedly has an indirect effect on producing tips. For example, when Plaintiff "clean[ed] and wip[ed] her table tops," she was able to present a tidy table for the next guests assigned to her section, thereby increasing her chances of receiving tips (of course, the converse is also true: untidy tables may lead to reduced tips, or no tips, from the guests).

Furthermore, the other duties that Plaintiff contends in Paragraphs 35 through 38 of her Complaint were unrelated to her tipped duties do not transform Plaintiff into a dual jobs employee. For instance, when Plaintiff was allegedly required to "perform certain dishwasher duties, including but not limited to polishing silverware" for the restaurant's guests, she was still occupied as a server. Indeed, even the Dual Jobs Regulation contemplates that a server may perform such tasks and remain in a single occupation as a server. 29 C.F.R. § 531.56(e) ("Such a situation is distinguishable from that of a waitress *who spends part of her time cleaning and setting tables*, toasting bread, making coffee *and occasionally washing dishes or glasses*. . . . Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.") (emphasis

added); see Montijo, 2015 U.S. Dist. LEXIS 41848, at *37 ("a server's occupation involves sidework, including miscellaneous cleaning duties . . . The server's performance of incidental side work does not mean that a server is performing another job classification.").

Based on the Dual Jobs Regulation, it is clear that Plaintiff was not engaged in a dual occupation. Consequently, Plaintiff's claims set forth in Counts I, II, and V of the Complaint, which rely upon the 20% rule, are without merit and must fail.

    (ii)    <u>Even if the Dual Jobs Regulation was Ambiguous, the Sub-Regulation is Not Due any Deference from this Court Based on the DOL's Inconsistent Guidance Regarding the Sub-Regulation.</u>

Moreover, even if the Dual Jobs Regulation was ambiguous, the Sub-Regulation is not controlling. Indeed, the Foreword to the Field Operations Handbook containing the Sub-Regulation specifically states that it "is not used as a device for establishing interpretative policy." DOL Wage and Hour Field Operations Handbook, Foreword at 1, available at http:// www.dol.gov/whd/FOH/index.htm. Rather it is meant only to provide guidance for employees of the Wage and Hour Division charged with enforcing the FLSA. Montijo, 2015 U.S. Dist. LEXIS 41848, at *28-29 (citing Barron v. Reich, 13 F.3d 1370, 1372 (9th Cir. 1994)). Indeed, the DOL has never initiated an enforcement action against a restaurant based upon the Sub-Regulation. See Richardson v. Mountain Range Rest. LLC, No. CV 14-1370, 2015 U.S. Dist. LEXIS 35008, at *21 (D. Ariz. March 19, 2015).

In addition, because the DOL's position with respect to the 20% rule has shifted over time, the Sub-Regulation should not be afforded any deference. See, e.g., Thomas Jefferson Univ. v. Shalala, 512 U.S. 504, 515 (1994) (stating that an agency's interpretation of a regulation that conflicts with a prior interpretation is entitled to considerably less deference

than a consistently held agency view).  The DOL's flip-flopping with respect to the 20% rule was best explained by the <u>Montijo</u> court, as follows:

> In a 1980 opinion letter, the DOL first opined that duties performed by tipped employees after closing hours did not render them untipped employees. These services included cleaning the salad bar, placing condiment crocks in the cooler, cleaning the waitress station, stocking the waitress station, cleaning tables, filling salt and pepper shakers, and vacuuming the dining room. <u>See</u> <u>Dep't of Labor Opinion Ltr.</u>, Wage and Hour Div., 1980 DOLWH LEXIS 5 (Mar. 28, 1980). Next, in a 1985 opinion letter, the DOL opined that one out of five waiters who was required to report two hours early to perform set-up work, in which it was held that the salad preparation set-up work was a job traditionally performed by chefs, the DOL concluded that the waiter held "dual jobs" and was entitled to full minimum wage for that portion of his shift. <u>Dep't of Labor Opinion Ltr.</u>, Wage and Hour Div., 1985 DOLWH LEXIS 9 (Dec. 20, 1985). Next, in a 2009 opinion letter, the DOL reversed course opining that "[w]e do not intend to place a limitation on the amount of duties related to a tip-producing occupation that may be performed, so long as they are performed contemporaneously with direct customer-service duties . . ." The DOL concluded that an employer could take a tip credit for an employee in the occupation of "bar back," even though the bar back employee spent none of his time waiting on customers. The services performed by the bar back (bartender's assistant) included restocking the bar, cleaning the bar, organizing the bar, cleaning empty glasses, taking out the trash, and cleaning the floor. Because the employee was in an occupation where he received more than $30 a month in tips, he was a "tipped employee" and the employer could thus take a tip credit. <u>Dep't of Labor Opinion Ltr.</u>, Wage and Hour Div., 2009 DOLWH LEXIS 16 (Jan. 15, 2009). Subsequently, less than two month[s] later, in connection with a change in the executive administration, the DOL withdrew the Jan. 15, 2009 letter. <u>Dep't of Labor Opinion Ltr.</u>, Wage and Hour Div., 2009 DOLWH LEXIS 27 (Mar. 2, 2009). By engaging in such an inconsistent approach in its opinions regarding the dual jobs regulation, § 531.56(e), the DOL's 1988 sub-regulation on the same issue is neither persuasive nor entitled to deference.

<u>Montijo</u>, 2015 U.S. Dist. LEXIS 41848, at *29-31.  Based on the DOL's constant course reversal regarding the 20% rule, this Court should not afford deference to it pursuant to <u>Shalala</u>.

14

      (iii)    <u>Even if the Dual Jobs Regulation was Ambiguous, the Sub-Regulation Should Not be Afforded any Deference from this Court Because the Sub-Regulation Improperly Adds Requirements to the Dual Jobs Regulation.</u>

Moreover, even if the Dual Jobs Regulation was ambiguous, then the Sub-Regulation should not be afforded any deference from this Court because it improperly adds requirements to the Dual Jobs Regulation. <u>Montijo</u>, 2015 U.S. Dist. LEXIS 41848, at *26-27 (stating that the informal commentary of the Sub-Regulation is unpersuasive "because it does not interpret the regulation but purports to add additional requirements which is the province of Congress"). The <u>Montijo</u> court emphasized that:

> Since only Congress is authorized to enact laws, administrative executive agencies such as DOL violate the separation of powers principle when they enact "laws" under the guise of providing informal commentary to a regulation. The sub-regulation is not entitled to deference because DOL's commentary was not arrived at by formal adjudication or notice and comment rulemaking. Thus, giving deference to the sub-regulation leads to the anomalous result of allowing agencies to side-step the onerous rulemaking process by engaging in a two-step process. First, they publish unobjectionable, vague regulations. Then, they simply issue opinions in various forms that 'interpret' the regulation in a manner that may not have survived public notice and comment. Thus, the sub-regulation usurps the legislative rulemaking function.

<u>Id.</u> at *27. Similarly, as noted above, the Southern District of Florida's decision in <u>Pellon</u> stressed that the additional requirements comprising the 20% rule were "impracticable" and "impossible." <u>Pellon</u>, 528 F. Supp. 2d at 1313-14 ("permitting Plaintiffs to scrutinize every day minute by minute, attempt to differentiate what qualifies as tipped activity and what does not, and adjust their wage accordingly would create an exception that would threaten to swallow every rule governing (and allowing) for tip credit for employers."), <u>aff'd</u> 291 F. App'x 310, 311 (11th Cir. 2008).

Perhaps even more importantly, and as noted by Montijo, affording deference to the Sub-Regulation poses a constitutional separation of powers issue. See Perez v. Mortgage Bankers Ass'n, 135 S. Ct. 1199 (U.S. 2015) (in a case involving whether to give deference to administrative interpretations of regulations, Justice Thomas emphasized that "[b]ecause this doctrine effects a transfer of judicial power to an executive agency, it raises constitutional concerns . . . [because it] undermines our obligation to provide a judicial check on the other branches, and it subjects the regulated parties to precisely the abuses that the Framers sought to prevent.") (Thomas, C., concurring).

Based on the foregoing, the 20% rule does not serve simply to interpret the Dual Jobs Regulation, but rather improperly adds requirements to the Dual Jobs Regulations that were not arrived at by formal adjudication or notice and comment rulemaking. Therefore, this Court should not afford deference to the Sub-Regulation.

## **CONCLUSION**

The Dual Jobs Regulation is clear on its face that an employer can utilize the tip credit under the FLSA with respect to a properly-classified tipped employee, so long as the employee is not performing two *entirely distinct, non-overlapping jobs*. This Court is well equipped to make a decision as to whether or not, under the Dual Jobs Regulation, Plaintiff was performing two identifiable, distinct occupations without the necessity or resorting to the DOL's informal commentary with respect to the 20% rule.

In this regard, the Dual Jobs Regulation is not ambiguous such that this Court need not even consider the 20% rule contained in the DOL's Sub-Regulation. Further, even if this Court were to consider the Sub-Regulation, it would not be due any deference from this

Court because the DOL has provided inconsistent guidance regarding the Dual Jobs Regulation and the 20% rule and because the Sub-Regulation improperly adds requirements to the Dual Jobs Regulation, which is the province of Congress and/or the DOL pursuant to regular notice and comment rulemaking.

Consequently, Counts I, II, and V of Plaintiff's Complaint, which rely upon the 20% rule, should be dismissed with prejudice for failure to state a claim upon which relief can be granted.

WHEREFORE, Defendant, HHJJ, LLC, respectfully requests that this Court dismiss with prejudice Counts I, II, and V of the Complaint filed by Plaintiff, YUVONNIA BOWE, for failure to state a claim upon which relief can be granted, and grant Defendant such other and further relief that this Court deems just and proper.

Respectfully submitted this 31at day of October, 2016.

*/s/ Timothy C. Haughee*
**Rachel D. Gebaide, Esquire**
Florida Bar No. 0157600
**Timothy C. Haughee, Esquire**
Florida Bar No. 0072550
Lowndes, Drosdick, Doster, Kantor & Reed, P.A.
215 North Eola Drive
Orlando, Florida 32801
Telephone:  (407) 843-4600
Facsimile:  (407) 843-4444
rachel.gebaide@lowndes-law.com
tim.haughee@lowndes-law.com
janie.kearse@lowndes-law.com
litcontrol@lowndes-law.com
Attorneys for Defendant

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 31st day of October, 2016, I electronically filed the foregoing with the Clerk of Court pursuant to the Administrative Procedures for Electronic Filing in Civil and Criminal Cases of this Court by using the CM/ECF system, and furnished a true and correct copy of the foregoing via email to: Attorney for Plaintiff, **Kevin Vorhis, Esq.**, Cohen Grossman, Attorneys at Law, 350 North Lake Destiny Road, Maitland, Florida 32751, kvorhis@itsaboutjustice.law, tiina@itsaboutjustice.law.

*/s/ Timothy C. Haughee*
**Timothy C. Haughee, Esquire**