# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**YUVONNIA BOWE,**

                **Plaintiff,**

**v.**                                                    **Case No:   6:16-cv-1844-Orl-37KRS**

**HHJJ, LLC,**

                **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **DEFENDANT'S MOTION TO DISMISS (Doc. No. 10)** |
| **FILED:** | **October 31, 2016** |

## I.    PROCEDURAL BACKGROUND.

On or about September 27, 2016, Plaintiff Yuvonnia Bowe filed her Complaint against Defendant HHJJ, LLC d/b/a IHOP 36-216 Sanford in state court.  Doc. No. 1 ¶ 1; Doc. No. 2. Defendant removed the case to this Court on October 24, 2016.  Doc. No. 1.  In the Complaint, Plaintiff asserts claims for unpaid wages under the Florida Minimum Wage Act ("FMWA"), Fla. Stat. § 448.110 (Counts I and II); improper tip pooling in violation of the FMWA and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206(a) and 207(a) (Count III); unpaid overtime under the FLSA (Count IV); and unpaid wages under Art. X, § 24(c) of the Florida Constitution (Count V). Doc. No. 2.

On October 31, 2016, Defendant filed a motion to dismiss Counts I, II, and V of Plaintiff's Complaint.   Doc. No. 10.   Plaintiff filed a response in opposition to the motion (Doc. No. 13), to which she attached: (1) an amicus brief filed by the Department of Labor in a case that is currently pending before the U.S. Court of Appeals for the Ninth Circuit (Doc. No. 13-1); (2) a report and recommendation recently issued by Magistrate Judge Thomas B. Smith in a similar case (Doc. No. 13-2); and (3) a transcript of a hearing on a similar motion to dismiss and the related order from a state court case (Doc. Nos. 13-3, 13-4).   Defendant's motion has been referred to me for the issuance of a Report and Recommendation, and the matter is now ripe for review.[1]

## II.      RELEVANT FACTS AS ALLEGED IN THE COMPLAINT.

Defendant owns and operates an IHOP restaurant in Sanford, Florida.   Doc. No. 2 ¶ 8. Plaintiff was employed as a server by Defendant from approximately May 29, 2015, through approximately March 10, 2016.   *Id.* ¶ 9.   During her employment, Plaintiff was a "tipped employee" within the meaning of the FMWA.   *Id.*   In addition, during her employment, Defendant took a "tip credit" toward its minimum wage obligation to Plaintiff for all hours she worked—that is, Defendant paid Plaintiff at a rate below the Florida minimum wage and took a "credit" against Plaintiff's tips to make up the difference.   *Id.* ¶¶ 11-12.

Plaintiff alleges that, in addition to her tipped serving duties, Defendant regularly and consistently required her to perform non-tipped duties in excess of 20% of her total work time.   *Id.* ¶¶ 26, 79.   Those duties include brewing coffee and tea; stocking glasses, straws, and napkins; cleaning and wiping table tops; setting tables; stocking sugar and sweeteners; polishing and rolling silverware; refilling and restocking dressings and sauces; cleaning entryways and waiting areas; and

---

[1] Defendant requested oral argument on this motion.   Doc. No. 11.   I find that the issues raised by the motion to dismiss are adequately addressed by the party's briefs and that oral argument is not required.

performing other general cleaning.  *Id.* ¶¶ 14, 35-38.   Plaintiff claims that the tip credit should not have applied during the periods she spent more than 20% of her time performing these non-tipped duties.  *Id.* ¶¶ 21-33, 66-86 (Counts I and V).   She also claims that the tip credit should not have applied during the periods she performed non-tipped work that was unrelated to her duties as a server (even if she did not spent more than 20% of her time performing these tasks) because she was a "dual occupation" employee.  *Id.* ¶¶ 34-48 (Count II).   Plaintiff claims that, under the FMWA and Art. X, § 24(c) of the Florida Constitution, Defendant owes her the difference between the tip credit minimum wage and the full minimum wage for all such periods.  *Id.* ¶ 16.

## III.    ANALYTICAL STANDARD.

"To survive a motion to dismiss, a complaint must contain factual matter, accepted as true, to 'state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   While this pleading standard "does not require 'detailed factual allegations,' . . .  it demands more than an unadorned the defendant-unlawfully-harmed-me accusation."  *Id.* (quoting *Twombly*, 550 U.S. at 555).   The pleading must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.   Although a court must accept the well-pleaded allegations of a complaint as true, it is not bound to accept a legal conclusion couched as a factual allegation.  *Iqbal*, 556 U.S. at 678.   Moreover, the Court must dismiss a cause of action when, "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action."  *See Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

## IV.    DISCUSSION.

### A. *Legal Background.*

1.   <u>The FMWA, the Florida Constitution, and the FLSA.</u>

At the outset, I note that Plaintiff brings her minimum wage claims under the FMWA and the Florida Constitution—not the FLSA.  Because the parties base their briefing on authority related to the FLSA, I begin by briefly addressing the relationship between the FMWA and the Florida Constitution, on the one hand, and that FLSA, on the other hand.

Article X, § 24(c) of the Florida Constitution requires employers to pay employees wages no less than the minimum wage for all hours worked in Florida.[2]  It incorporates the tip credit provisions of the FLSA by providing that, for tipped employees "meeting eligibility requirements for the tip credit under the FLSA," employers may "credit towards satisfaction of the [m]inimum [w]age tips up to the amount of the allowable FLSA tip credit in 2003."  *Id.*  The FMWA implements Article X, § 24 of the Florida Constitution.  Fla. Stat. § 448.110(2).  The FMWA incorporates the provisions of the FLSA in determining when an employee may take a "tip credit" (discussed in more detail, below) to meet the minimum wage requirement.  Fla. Stat. § 448.110(3) ("Only those individuals entitled to receive the federal minimum wage under the federal [FLSA] and its implementing regulations shall be eligible to receive the state minimum wage pursuant to s. 24, Art. X of the State Constitution and this section.  The provisions of ss. 213 and 214 of the federal [FLSA], as interpreted by applicable federal regulations and implemented by the Secretary of Labor, are incorporated herein.").  As such, Defendant's right to take a tip credit under Florida law depends on whether Plaintiff meets the eligibility requirements for a tip credit under the FLSA.

---

[2] During the time periods relevant to this lawsuit, the Florida minimum wage was $8.05 per hour. *See* Doc. No. 2 ¶ 11.

*See May v. Steak N Shake Opers. Inc.*, No. 3:14-cv-912-J-32-JRK, 2014 WL 7251637, at *1 (M.D. Fla. Dec. 18, 2014).

2.   The Tip Credit and the Dual Occupation Regulation.

The dispute between the parties centers on whether Defendant properly applied the tip credit provisions of the FLSA.   Generally, the FLSA mandates that covered employees receive a minimum wage of at least $7.25 per hour.   29 U.S.C. § 206(a)(1)(c).   The FLSA creates an exception, however, for "tipped employees."   29 U.S.C. § 203(m).   Rather than paying the full minimum wage, an employer may pay a tipped employee a reduced "tip credit" wage, so long as the employee's tips are sufficient to make up the difference between the tip credit wage and the full minimum wage.[3]   *Id.*

Under the FLSA, a "tipped employee" is one who is "engaged in an occupation in which he customarily and regularly receives more than $30 per month in tips."   29 U.S.C. § 203(t).   The FLSA does not define "occupation."   The Department of Labor ("DOL") has, however, promulgated regulations implementing the tip credit provisions of the FLSA.   29 C.F.R. §§ 531.50-531.60.[4]   Those regulations recognize that an employee may be engaged in dual jobs for the same employer.   *See Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872, 876-77 (8th Cir. 2011) (citing 29 C.F.R. § 531.56(e) (the "dual jobs" regulation) and 29 C.F.R. § 516.28(a)(4) & (5), which require employers to keep records for its tipped employees of hours worked in any occupation in which the employee does not receive tips).   Specifically, 29 C.F.R. § 531.56(e) provides:

---

[3] Under the FLSA, the "tip credit" wage is $2.13 per hour.   29 U.S.C. § 203(m).   Under Florida law, the "tip credit" wage was $5.03 per hour for the time periods relevant to this lawsuit.   Doc. No. 2 ¶ 11.

[4] When a statute does not define a term, and Congress has delegated authority to an agency to implement an ambiguous statute, courts must accept the agency's statutory interpretation, so long as it is reasonable.   *Chevron U.S.A. Inc. v. Nature Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)).   Defendant does not contest that § 531.56(e) is entitled to *Chevron* deference.

In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter.   In such a situation, the employee, if he customarily and regularly receives at least $30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter.   He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation as maintenance man.   Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses.   It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group.   Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

The Department of Labor has offered a further gloss on this regulation by way of its Field Operations Handbook ("FOH").   Since 1988, the FOH has provided:

> Reg. 531.56(e) permits the taking of the tip credit for time spent in duties related to the tipped occupation, even though such duties are not by themselves directed toward producing tips (i.e. maintenance and preparatory or closing activities).   For example a waiter/waitress, who spends some time cleaning or setting tables, making coffee, and occasionally washing dishes or glasses may continue to be engaged in a tipped occupation even though these duties are not tip producing, provided such duties are incidental to the regular duties of the server (waiter/waitress) and are generally assigned to the servers.   However, where the facts indicate that specific employees are routinely assigned to maintenance, *or that tipped employees spend a substantial amount of time (in excess of 20 percent) performing general preparation work or maintenance, no tip credit may be taken for the time spent in such duties.*

DOL FOH § 30dd00(e), *available at* https://www.dol.gov/whd/FOH/FOH_Ch30.pdf (last visited Dec. 6, 2016) (emphasis added).   The DOL has since reiterated this "20% rule" in at least two *amicus* briefs.   *See* Brief for the Secretary of Labor as *Amicus Curiae* in Support of Plaintiffs-Appellants, *Williams v. Am. Blue Ribbons Holdings LLC*, No. 16-15118, Doc. No. 17 (9th Cir. July 13, 2016) (also filed as Doc. No. 13-1 in this case); Brief for the Secretary of Labor as *Amicus Curiae* in Support of Plaintiffs-Appellees, *Fast v. Applebee's Int'l, Inc.*, Nos. 10-1725/26 (8th Cir. Sept. 15, 2010), *available at* https://www.dol.gov/sol/media/briefs/fast(A)-9-15-2010.htm (last visited Dec. 6, 2016).

The parties do not dispute that Plaintiff is a "tipped employee" under the statute, at least with respect to her work as a server.   The dispute centers on whether Plaintiff was engaged in that occupation—and, thus, eligible for the tip credit—when Defendant required her to perform non-tip-producing duties.   *See Fast*, 638 F.3d at 876.

   B.   *Counts I and V.*

   In Counts I and V, Plaintiff alleges that she was required to perform various non-tip-producing "sidework" that was related or incidental to her job as a server and that she performed such work more than 20% of her total time spent working.   Doc. No. 2 ¶ 26; *see also* Doc. No. 13, at 4 ("The legal issue[s] raised in Plaintiff's Complaint relate solely to the time Plaintiff spent engaged in performing . . . non-tipped labor related or incidental to serving tables in excess of 20% of [her] time (Count I and V: 20% Rule). . . .").   She alleges that Defendant improperly took the tip credit for the time she spent performing these duties, thereby violating the FMWA and Article X, § 24(c) of the Florida Constitution.   Defendant argues that Counts I and V are due to be dismissed because they are legally insufficient.   Doc. No. 10.

   The crux of the parties' disagreement on these counts relates to the DOL's 20% rule and whether the Court should defer to it.   Plaintiff contends that the rule is entitled to deference under *Auer v. Robbins*, 519 U.S. 452 (1997), and, therefore, Counts I and V state claims for relief. Defendant contends that the rule is not entitled to *Auer* deference because 29 C.F.R. § 531.56(e) is not ambiguous.   Doc. No. 10, at 10-11.   And, even if it were ambiguous, Defendant argues that the 20% rule is not entitled to deference because the FOH is not controlling, the DOL's position regarding the 20% rule has shifted over time, the rule improperly adds requirements to the dual jobs regulation, the rule is impossible or impractical to administer, and affording deference to the rule poses a constitutional separation of powers problem.   *Id.* at 13-16.   Rather, Defendant contends, §

531.56(e) is clear on its face and allows Defendant to take the tip credit for time Plaintiff spent performing tasks related to her job as a server, no matter how much time those tasks consumed. For the reasons explained below, I recommend that the Court find that the 20% rule is entitled to *Auer* deference and deny Defendant's motion to dismiss Counts I and V.

Agency interpretations of their own regulations (such as those found in opinion letters, handbooks, and *amicus* briefs) are not entitled to *Chevron* deference because they are not subject to notice and comment rule making.  *Fast*, 638 F.3d at 878 (citing *Gonzales v. Oregon*, 546 U.S. 243, 255-56 (2006)).   However, under *Auer v. Robbins*, where the rule to be interpreted "is a creature of the Secretary's own regulations," its "interpretation of [the rule] is . . . controlling unless plainly erroneous or inconsistent with the regulation."   519 U.S. at 461 (internal quotation marks and citation omitted).   *Auer* deference is warranted only where the language of the regulation is ambiguous.   *Christensen v. Harris Cty.*, 529 U.S. 576, 588 (2000).   In addition, an agency interpretation of a regulation that conflicts with a prior interpretation is entitled to considerably less deference than a consistently held agency view.   *See Thomas Jefferson Univ. v. Shalala*, 512 U.S. 504, 515 (1994) (citation omitted).

There does not appear to be any controlling law from the Florida courts regarding the 20% rule in the context of claims brought under the FMWA or the Florida Constitution.[5]   The Eleventh Circuit also has not determined whether the 20% rule is entitled to *Auer* deference or whether a complaint alleging that the plaintiff spent more than 20% of her time on non-tipped tasks states a claim under the FLSA.   The majority of courts to consider the issue have afforded the 20% rule

---

[5]   The Fourth DCA has cited the *Fast* case approvingly in the context of an FLSA case, but that case did not involve claims under the FMWA or Florida Constitution.   *See Martins v. MRG of S. Fla., Inc.*, 112 So. 3d 705, 708 (Fla. 4th Dist. Ct. App. 2013).   Plaintiff also directs the Court to a trial court order denying a motion to dismiss in a case similar to this one.   Doc. Nos. 13-2, 13-3.   Trial court opinions are not binding. Moreover, the court did not state the reasons it denied the motion to dismiss.   Doc. No. 13-2.

*Auer* deference and found that a complaint states a claim under the FLSA if it alleges that the plaintiff spent more than 20% of her time in non-tipped tasks. *See, e.g.*, *Fast*, 638 F.3d at 879-81; *Knox v. Jones Grp.*, No. 1:15-cv-01738-SEB-TAB, 2016 WL 4371630, at *5-7 (S.D. Ind. Aug. 15, 2016); *McLamb v. High 5 Hosp.*, No. 16-00039 GMS, 2016 WL 3751946, at *4-5 (D. Del. July 12, 2016); *Langlands v. JK & T Wings, Inc.*, No. 15-13551,2016 WL 2733092, at *2-4 (E.D. Mich. May 11, 2016); *Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 582-83 (S.D.N.Y. 2015) (stating that the court agrees with the *Fast* opinion); *Irvine v. Destination Wild Dunes Mgmt.*, 106 F. Supp. 3d 729, 733-34 (D.S.C. 2015); *Crate v. Q's Rest. Grp. LLC*, No. 8:13-cv-2539-T-24EAJ, 2014 WL 10556347, at *3-4 (M.D. Fla. May 2, 2014). Several other courts have followed the 20% rule without explicitly addressing the *Auer* deference question. *See, e.g.*, *Volz v. Tricorp Mgmt. Co.*, No. 15-cv-0627-DRH-PMF, 2016 WL 146693, at *2-3 (S.D. Ill. Jan. 13, 2016); *Hart v. Crab Addison, Inc.*, No. 13-CV-6458 CJS, 2014 WL 5465480, at *5 (W.D.N.Y. Oct. 28, 2014); *cf. Driver v. Appleillinois LLC*, 739 F.3d 1073, 1075 (7th Cir. 2016) (in *dicta*, citing the FOH and the *Fast* decisions favorably).

A smaller number of courts—relied upon by Defendant—have criticized the 20% rule. For example, in *Pellon v. Business Representation Int'l, Inc.*, 528 F. Supp. 2d 1306 (S.D. Fla. 2007), *aff'd* 291 F. App'x 310 (11th Cir. 2008),[6] the U.S. District Court for the Southern District of Florida

---

[6] Although Defendant admits that there is no controlling authority on this question, Doc. No. 10, at 8, it also argues that its position is "supported by a 2008 opinion of the United States Court of Appeals for the Eleventh Circuit that affirmed a decision of the United States District Court for the Southern District of Florida, based on the lower court's 'well-reasoned order' which, among other things, dismissed the applicability of the 20% rule," *id.* at 3. Defendant is presumably referring to *Pellon*, which was affirmed in an unpublished and non-binding opinion. Even setting aside the non-binding character of the *Pellon* opinion, Defendant's suggestion that the Eleventh Circuit rejected the 20% rule is much too strong. As explained above, in *Pellon*, the court granted a motion for summary judgment because there was no evidence that plaintiffs spent more than 20% of their time on non-tipped tasks. Thus, its discussion of the 20% rule was *dicta*. The Eleventh Circuit's opinion in *Pellon* makes no reference to the 20% rule and simply states that it is affirming the district court's "well-reasoned" opinion, thereby stopping far short of an endorsement of the district court's rejection of the 20% rule. The *Pellon* district court also did not confront the question of *Auer* deference, making it impossible to predict how the Eleventh Circuit would rule if it were confronted

granted summary judgment to an employer of airport "skycaps" because the plaintiffs could not show that they spent more than 20% of their time on non-tipped duties. *Id.* at 1314. In making its decision, the court did not address the question of whether the 20% rule was entitled to *Auer* deference, although it did criticize the rule because determining whether 20% of an employee's time was spent on non-tipped duties was infeasible. *Id.* at 1313-14. One district judge in the U.S. District Court for the District of Arizona has also issued a number of opinions in which he refuses to grant *Auer* deference to the 20% rule for all of the reasons set forth in Defendant's motion to dismiss: 29 C.F.R. § 531.56(e) is not ambiguous; and, even if it were ambiguous, the 20% rule is not entitled to deference because the FOH is not an appropriate source of authority, the DOL's position on the 20% rule has been inconsistent, the 20% rule improperly adds requirements to the dual occupation regulation, the 20% rule is unworkable, and the 20% rule raises separation of powers concerns. *See, e.g.*, *Montijo v. Romulus Inc.*, No. 14-cv-264-PHX, SMM, 2015 WL 1470128 (D. Ariz. Mar. 31, 2015); *Richardson v. Mountain Range Rests. LLC*, No. CV-14-1370-PHX-SMM, 2015 WL 1279237 (D. Ariz. Mar. 20, 2015).

I find the majority position more persuasive and recommend that the Court grant *Auer* deference to the 20% rule. First, 29 C.F.R. § 531.56(e) is ambiguous. It states that a waitress is not engaged in a "dual occupation" if she spends "part" of her time cleaning and setting tables, toasting bread, and making coffee and if she "occasionally" washes dishes or glasses. The regulation does not, however, define "occasionally" or "part of [the] time," thereby making it

---

with the argument that presents itself to the Court in this case. Finally, any suggestion that the Eleventh Circuit intended to adopt the *Pellon* district court's rejection of the 20% rule is further undermined by a more recent unpublished opinion in which the Eleventh Circuit affirmed a district court opinion which explicitly determined that "a tip credit employee can spend up to 20 percent of his work time performing non-tip related duties without losing his exemption from the full minimum wage compensation." *Ide v. Neighborhood Rest. Partners, LLC*, 32 F. Supp. 3d 1285 (N.D. Ga. 2014), *aff'd __* F. App'x __, No. 15-11820, 2016 WL 3564379 (11th Cir. July 1, 2016).

ambiguous. *Fast*, 638 F.3d at 880. The regulation is also ambiguous "because it does not address the impact of an employee performing related duties more than 'part of [the] time' or more than 'occasionally' . . . ." *Id.* at 879. Thus, I recommend that the Court find that § 531.56(e) is ambiguous.

Second, I recommend that the Court find that the 20% rule is a reasonable interpretation of the regulation. By its use of the phrases "part of [the] time" and "occasionally," the regulation clearly contemplates a temporal limitation on the amount of non-tipped work an employee can perform and still be eligible for the tip credit—although it fails to provide a precise temporal guideline. Interpreting these phrases to prohibit non-tipped work in excess of 20% is a reasonable interpretation and is certainly not "clearly erroneous or inconsistent with the regulation," as would be required to deny the interpretation *Auer* deference. Indeed, the DOL has used a 20% threshold to differentiate between substantial and nonsubstantial work in various contexts within the FLSA. *See Fast*, 638 F.3d at 881 (providing examples). Because 29 C.F.R. § 531.56(e) is ambiguous, and the 20% rule is not plainly erroneous or inconsistent with the regulation, I recommend that the Court grant the rule *Auer* deference.

Defendant's arguments to the contrary are not availing. First, the FOH is an appropriate source of interpretive guidance. Although Defendant cites to an opinion from the District of Arizona which suggests that the FOH should not be relied upon because its introduction states that it "is not used as a device for establishing interpretive policy," the Eleventh Circuit has found another provision of the FOH to be persuasive. *See Klinedinst v. Swift Invs., Inc.*, 260 F.3d 1251, 1255 (11th Cir. 2011). Regardless, the DOL has also set forth the 20% rule in at least two *amicus* briefs, which are certainly eligible for *Auer* deference. *See Auer*, 519 U.S. at 461-62 (deferring to interpretation advanced in *amicus* brief).

Second, the DOL's position with respect to the 20% rule has not been so inconsistent as to preclude the Court from deferring to the rule.  In support of its claim that the DOL has "flip-flopped" on the 20% rule, Defendant sets out a lengthy quotation from *Montijo*, which purports to establish that the DOL has engaged in an "inconsistent approach" in its opinions regarding the dual jobs regulation.  Doc. No. 10, at 14.  On closer inspection, however, the only outlier is a 2009 opinion letter that was issued by an acting administrator in apparent response to the *Fast* litigation.[7] *See Fast*, No. 06-4146-CV-C-NKL, 2010 WL 816639, at *6 n. 6 (W.D. Mo. Mar. 4, 2010).    The letter was dated January 16, 2009, but it was published and simultaneously withdrawn on March 2, 2009, with a statement that it "may not be relied upon as a statement of agency policy." *See* Dep't of Labor, Wage & Hour Division, Op. Letter FLSA2009-23 (Jan. 16, 2009), *available at* https://www.dol.gov/whd/opinion/FLSA/2009/2009_01_16_23_FLSA.pdf (last visited Dec. 5, 2016).    Because the opinion letter was never adopted or relied upon by the DOL, its existence does not prevent the Court from deferring to the 20% rule.  *See Irvine*, 106 F. Supp. 3d at 733; *McLamb*, 2016 WL 3751946, at *5.

Third, the 20% rule does not improperly add requirements to the dual jobs regulation such that the rule becomes inconsistent with the regulation.  Here, Defendant argues that, because 29 C.F.R. § 531.56(e) does not include an explicit time limitation on the amount of non-tipped work an employee can perform, the 20% rule impermissibly "adds" requirements.  This argument, however, ignores the fact that the regulation *does* have a temporal limitation built into it—            § 531.56(e) says that an employer can take a tip credit for a waitress if she spends "part of her time"

---

[7] The 1980 and 1985 opinion letters cited by the *Montijo* court—both issued *before* the DOL formalized the 20% rule—are not inconsistent with the rule.  *See* Dep't of Labor, Wage & Hour Division, Opinion Letter WH-502, 1980 WL 141336 (DOL WAGE-HOUR) (Mar. 28, 1980); Dep't of Labor, Wage & Hour Division, Opinion Letter of Dec. 20, 1985, 1985 DOLWH LEXIS 9 (Dec. 20, 1985).  Indeed, the Eighth Circuit recognized in *Fast* that FOH § 33dd00(e) (the 20% rule) incorporates answers provided in prior opinion letters, including the 1980 and 1985 opinion letters at issue here.  638 F.3d at 878.

cleaning and setting tables, toasting bread, and making coffee and "occasionally" washing dishes or glasses.  *See Fast*, 638 F.3d at 879-80 (citations omitted).  It is the ambiguity of this temporal limitation that is interpreted by the 20% rule.

Defendant's concerns about the 20% rule being "impracticable" and "impossible" to implement also miss the mark.  Here, Defendant conjures up a scenario where plaintiffs are permitted "to scrutinize every day minute by minute" and "attempt to differentiate what qualifies as tipped activity and what does not, and adjust their wage accordingly."  Doc. No. 10, at 15 (quoting *Pellon*, 528 F. Supp. 2d at 1313-14).  Defendant relies on *Pellon* for this argument.  Because *Pellon* did not consider whether the 20% rule was entitled to *Auer* deference, its criticism of the rule is not persuasive in this case.  Indeed, given that the 20% rule is not inconsistent with the dual jobs regulation, it is not clear that the Court can decline to exercise *Auer* deference simply because the rule might be inconvenient to administer.  Moreover, as explained above, the dual jobs regulation itself contains a temporal limitation on non-tipped work, so any inconvenience is attributable to the regulation (the propriety of which Defendant does not dispute), not the DOL's interpretation of that regulation.

Finally, Defendant argues that affording deference to the 20% rule "poses a constitutional separation of powers issue."  Doc. No. 10, at 16.  The problem with this argument is that the U.S. Supreme Court has held that courts must defer to agency interpretations of ambiguous regulations so long as those interpretations are not "plainly erroneous or inconsistent with the terms of the regulation."  *Auer*, 519 U.S. at 461.  This Court is not free to disregard Supreme Court precedent simply because of vaguely-stated separation-of-powers concerns.

Ultimately, I recommend that the Court grant *Auer* deference to the 20% rule because 29 C.F.R. § 531.56(e) is ambiguous and the 20% rule is not plainly erroneous or inconsistent with the

regulation.   Because Plaintiff's Complaint alleges in Counts I and V that she spent more than 20% of her time engaged in non-tip-producing activities, she states a minimum wage claim under the FLSA and, thus, the FMWA and the Florida Constitution.   Accordingly, I recommend that the Court deny Defendant's motion to dismiss Counts I and V of Plaintiff's Complaint.

### C.  Count II.

In Count II, Plaintiff asserts that she was required to perform various non-tip-producing duties that were *unrelated* to her server duties, including certain dishwasher, janitorial, hostess, and server assistant duties.   Doc. No. 2 ¶¶ 35-38.   She alleges that being required to perform these non-related duties means that she was performing a "dual job" within the meaning of the dual occupation regulation, 29 C.F.R. § 531.56(e), and, thus, that Defendant improperly took the tip credit for time she spent performing these duties.   *See* Doc. No. 13, at 4 ("The legal issue[s] raised in Plaintiff's Complaint relate solely to the time Plaintiff spent engaged in performing . . . non-tipped labor that is unrelated to serving tables (Count II Dual Occupation)"); *id.* at 20 ("As alleged, there is no way that performing these general restaurant maintenance tasks can be considered 'related non-tipped' tasks as defined by 29 C.F.R. § 531.56.   None of the above tasks bear any relationship with serving food to customers.").[8]   Defendant argues that Count II should be dismissed because § 531.56(e)

---

[8] Plaintiff also alleges that she spent more than 20% of her time engaged in these unrelated tasks. Doc. No. 2 ¶ 39.   It is not apparent that Plaintiff's "dual occupation" claim requires an allegation that she spent more than 20% of her time on these tasks.   As she points out in her response to the motion to dismiss, there is a distinction between (1) tipped duties, (2) non-tipped duties related to the tipped occupation, and (3) non-tipped duties unrelated to the tipped occupation.   Defendant cannot take the tip credit for any of the time she spent performing non-tipped duties unrelated to her server occupation.   *See* Doc. No. 13, at 4 (citing *Crate*, 2014 WL 10556347, at *5.   This conclusion follows from 29 C.F.R. § 531.56(e)'s definition of "dual job" without any reference to the FOH and the 20% rule.   Indeed, Defendant seems to acknowledge this point by arguing at length that § 531.56(e) (which it argues is unambiguous) classifies an employee as a "dual occupation" employee only when that employee is performing "two entirely distinct, non-overlapping jobs." Doc. No. 10, at 10-13.   Nonetheless, Plaintiff's argument regarding Count II also seems to suggest that she contends that she was a "dual occupation" employee when she spent more than 20% of her time performing *related*, non-tip duties.   Doc. No. 13, at 18.   To the extent that Count II is at least partially an alternative statement of Count I, I have already recommended that the Court give *Auer* deference to the DOL's 20% rule

classifies an employee as a "dual occupation" employee only when that employee is engaged in "two entirely distinct, non-overlapping jobs," and Plaintiff was clearly engaged in only one job—server.  Doc. No. 10, at 11-12.   To the extent that Plaintiff alleges she engaged in non-tip-producing work, Defendant argues that the tasks identified by Plaintiff were clearly "incidental" to her work as a server, and, thus, not sufficient to disqualify her from the tip credit.   *Id.* at 10-12.

Determining whether duties are "unrelated" to the tip-producing occupation (or, to use Defendant's words, whether the two jobs at issue are "entirely distinct" and "non-overlapping") is fact-sensitive and case-specific.   *See Knox*, 2016 WL 4371630, at *5 (discussing cases that set forth how to determine whether duties are "related" to the tip-producing occupation).   It is not a determination that can be made on a motion to dismiss.   Here, Plaintiff has alleged that she performed tasks associated with a number of jobs that were unrelated to her job as a server, including dishwasher, janitor, hostess, and server assistant.   Doc. No. 2 ¶¶ 35-38.   Contrary to Defendant's argument, not all of the duties listed are clearly "incidental" to her server position (e.g. "cleaning entryways and waiting areas").   While Plaintiff may not ultimately be able to prove that she was engaged in a dual occupation, the Court must take her allegations as true at the motion to dismiss stage.   Thus, I recommend that the Court deny Defendant's motion to dismiss Count II of Plaintiff's Complaint.   *See Knox*, 2016 WL 4371630, at *5 (denying motion to dismiss "dual occupation" claim).[9]

---

and find that Plaintiff's Complaint states a claim for minimum wage violations under the FMWA.

[9] In places, Defendant seems to suggest that Plaintiff could not have been engaged in a dual occupation because she had only one job title—server.   *See* Doc. No. 10, at 9-10 ("[B]ecause Plaintiff was a tipped employee working in one occupation as a server, Defendant was entitled to utilize the tip credit against all wages due to Plaintiff as a server . . . ."); *id.* at 11 (quoting *Montijo*, 2015 WL 1470128 (D. Ariz. Mar. 30, 2015)).   Under the FLSA, job titles alone are generally not determinative. *See, e.g.*, 29 C.F.R. § 541.2 ("[a] job title along is insufficient to establish the exempt status of an employee").   Moreover, focusing on job titles would allow the hypothetical hotel employer in 29 C.F.R. § 531.56(e) to take the tip credit for the employee's work as a maintenance man work by the simple expedient of giving him one job title—waiter.   Thus, to the extent that Defendant is urging the Court to focus on Plaintiff's job title, I recommend that the

## V.     RECOMMENDATION.

For the reasons stated above, I **RESPECTFULLY RECOMMEND** that the Court **DENY** Defendant's Motion to Dismiss (Doc. No. 10).

### **NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on December13, 2016.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

---

Court decline the invitation.