**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

YUVONNIA BOWE,

              Plaintiff,

v.                                             Case No. 6:16-cv-1844-Orl-37KRS

HHJJ, LLC,

              Defendant.

---

## ORDER

This cause is before the Court on the following:

1.      Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. 10), filed October 31, 2016; and

2.      U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 15), filed December 13, 2016.

## BACKGROUND

On September 27, 2016, Plaintiff initiated this state court action against Defendant for, *inter alia*: (1) failing to pay her a minimum wage in violation of the Florida Minimum Wage Act ("**FMWA**") (Counts I and II); and (2) failing to pay her overtime wages in violation of the Fair Labor Standards Act ("**FLSA**") and the Florida Constitution (Counts IV and V). (Doc. 2.) Defendant removed the action to this Court (Doc. 1), and moved for dismissal of Counts I, II, and V (Doc. 10 ("**MTD**")). After Plaintiff responded (Doc. 13), the MTD was referred to U.S. Magistrate Judge Karla R. Spaulding, who issued a detailed Report recommending that the Court deny the MTD. (Doc. 15 ("**R&R**").) No objections were filed and the time for doing so has now passed.

**DISCUSSION**

The parties' dispute centers on whether Defendant properly applied a provision of the FLSA known as the "tip credit." (Doc. 15, p. 5.) Generally, employees receive a minimum wage under the FLSA, *see* 29 U.S.C. § 206(a)(1)(c); however, an exception exists for "tipped employees," 29 U.S.C. § 203(m) ("**Tipped Employee Exception**"). The Tipped Employee Exception permits an employer to pay a tipped employee[1] a lower wage than the full minimum wage in certain circumstances. *See* 29 U.S.C. § 203(m). Whether Defendant is entitled to reduce Plaintiff's wages, depends on whether Defendant may apply the Tipped Employee Exception to Plaintiff.[2]

To implement the Tipped Employee Exception, the Department of Labor ("**DOL**") has issued regulations, recognizing that employees may be engaged in dual jobs for the same employer—that is, an employee may perform both tipped and non-tipped activities ("**Regulation**"). *See* 29 C.F.R. § 531.56(e). Further, the DOL prohibits employers from applying the Tipped Employee Exception where a tipped employee spends more than 20% of his time performing general preparation work or maintenance ("**20% Rule**"). Dep't of Labor, *Records, Minimum Wage, and Payment of Wages*, FIELD OPERATIONS HANDBOOK, ch. 30, § 30dd00(e) (2016), https://www.dol.gov/whd/FOH/FOH_Ch30.pdf.

**I.    Counts I and V**

With this background, the R&R recommends that the Court apply the 20% Rule to determine whether Plaintiff's allegations in Counts I and V are sufficient because: (1) the

---

[1] A "tipped employee" is one who is engaged in an occupation in which he customarily and regularly received more than $30 per month in tips. 29 U.S.C. § 203(t).

[2] The Florida Constitution incorporate the FLSA's Tipped Employee Exception. *See.* Fla. Const. art. X, § 24(c). The FMWA implements Article X, § 24(c) of the Florida Constitution. *See* Fla. Stat. 448.110(2).

Regulation is ambiguous on its face; and (2) as a result of the ambiguity, the DOL's 20% Rule is a reasonable interpretation of the Regulation and is, therefore, controlling. (Doc. 15, pp. 8–14 (citing *Auer v. Robbins*, 519 U.S. 452 (1997)).) In so finding, the R&R recommends that the Court deny the MTD as to Counts I and V because Plaintiff has adequately alleged that she spent more than 20% of her time engaged in non-tipped activities, which is all that is required at this stage. (*Id.* at 14.)

## II.    Count II

As to Count II, the crux of the parties' dispute is whether Plaintiff's non-tipped activities, such as janitorial services, were "related" to her job as a server. (*Id.*) This relationship is pivotal in determining whether Defendant was entitled to apply the Tipped Employee Exception to Plaintiff's non-tipped activities. (*Id.*) The R&R concludes that the relatedness determination is "fact-sensitive and case-specific" and is, therefore, inappropriate at the motion to dismiss stage. (*Id.* at 15.) Hence the R&R recommends that the Court deny the MTD as to Count II. (*Id.*)

### CONCLUSION

Absent objections, the Court has independently reviewed the R&R and agrees with Magistrate Judge Spaulding. *See* 28 U.S.C. § 636(b)(1) (suggesting that a de novo review is only required when a party objects to the proposed findings and recommendations). As such, the Court finds that the R&R is due to be adopted in its entirety and that Defendant's MTD is due to denied.

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1.    U.S. Magistrate Judge Karla R. Spaulding's Report and Recommendation (Doc. 15) is **ADOPTED**, **CONFIRMED**, and made a part of this Order.

2.      Defendant's Motion to Dismiss and Incorporated Memorandum of Law (Doc. 10) is **DENIED**.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on January 4, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record