UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**YUVONNIA BOWE,**

       **Plaintiff,**

v.                                                     Case No:   6:16-cv-1844-Orl-37KRS

**HHJJ, LLC,**

       **Defendant.**

### ORDER

This cause is before the Court on the parties' Joint Stipulation for Dismissal with Prejudice (Doc. 18), filed February 6, 2017.

In the instant action, Plaintiff asserts claims against Defendant for violations of the Fair Labor Standards Act ("**FLSA**") and the Florida Minimum Wage Act ("**FMWA**"). (Doc. 2.) On February 6, 2017, the parties filed a joint stipulation for dismissal of this action pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii). (Doc. 18 ("**Stipulation**").)

With respect to Plaintiff's FMWA claims, the Stipulation is effective without further action of the Court. Generally, the settlement of FLSA claims must ordinarily be approved by a federal district court in order to become enforceable. *Lynn's Food Stores, Inc. v. United States ex rel. U.S. Dept. of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982) (concluding that the only means by which an agreement to compromise an FLSA claim may become final and enforceable is if the agreement is approved by a district court or the U.S. Department of Labor).

Here, the Stipulation states that "Plaintiff will receive full relief with respect to her claims for alleged . . . overtime compensation, as well as liquidated damages." (Doc. 18,

¶ 2.) As such, the "resolution of this matter does not constitute a compromise." (*Id.* at ¶ 4.) Having accepted these representations as true, there is no need for the Court to review the parties' settlement agreement as to the FLSA claims. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1226 n.6 (M.D. Fla. 2009) (indicating that a court need not review an FLSA settlement when the parties stipulate that the plaintiff's claims will be "paid in full, without compromise").

Accordingly, it is hereby **ORDERED AND ADJUDGED** that this case is **DISMISSED WITH PREJUDICE**. The Clerk is directed to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 7, 2017.



ROY B. DALTON JR.
United States District Judge

Copies:   Counsel of Record